PAUL M. FERDER, OSB #720871
 pferder@ferder.com
Ferder, Casebeer, French & Thompson LLP
515 High Street SE
PO Box 843
Salem, OR 97303
Telephone: (503) 585-9197
Facsimile: (503) 399-7904
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br>        Plaintiff, <br><br>    v. <br><br> **JOSE LUIS MATA,** <br><br>        Defendant. | Case No.: 3:15-CR-00044-15-JO <br><br> **DEFENDANT'S SENTENCING MEMORANDUM** <br><br> (Sentencing set for August 29, 2016) |

Defendant's sentencing hearing is scheduled for August 29, 2016 before The Honorable Robert E. Jones. Defendant submits this memorandum to assist the Court in determining an appropriate sentence.

Defendant agrees with the sentencing recommendation set forth in the Presentence Investigation Report.

**ARGUMENT**

The Sentencing Guidelines are advisory, not mandatory. *United States v. Booker*, 543 US 220, 245 (2005). A sentencing court should begin by calculating the applicable Guidelines range. *Rita v. United States*, 551 US 338, 347-48 (2007). The court "should then consider all of the [18 U.S.C.] § 3553(a) factors to determine whether they support

PAGE 1 –    DEFENDANT'S SENTENCING MEMORANDUM

the sentence requested by a party." *Gall v. United States*, 552 US 38, 49-50 (2007). The court "may not presume that the Guidelines range is reasonable[,]" but instead "must make an individualized assessment based on the facts presented." *Id.* at 50. If the court "decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* A "major departure should be supported by a more significant justification than a minor one." *Id.* Ultimately, the sentence imposed must be reasonable. *Id.* at 51.

The 10-year minimum sentence is reasonable in this case after considering the § 3553(a) factors. Section 3553(a) lists the following seven factors that a sentencing court must consider:

> "(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> "(2) the need for the sentence imposed—
>
> "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> "(B) to afford adequate deterrence to criminal conduct;
>
> "(C) to protect the public from further crimes of the defendant; and
>
> "(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> "(3) the kinds of sentences available;
>
> "(4) the kinds of sentences and the sentencing range established for [by the Guidelines] * * *;
>
> "(5) any pertinent policy statement [issued by the Sentencing Commission] * * *;
>
> "(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

"(7) the need to provide restitution to any victims of the offense."

Defendant's Guideline range is 120 to 135 months of imprisonment (TOL 29, CHC III). 21 U.S.C. § 841(b)(1)(A)(i) (10-year minimum sentence); USSG § 5G1.1(c)(2) (statutorily required minimum sentence sets floor of guideline range).

Defendant has been on pretrial release since February 23, 2015. Defendant has maintained employment during that time. Defendant worked for a landscaping company for a little more than two months from February 23, 2015 to May 1, 2015. Defendant then took a more lucrative position at a heating company and has been employed with Jacobs Hearing since May 1, 2015. Defendant has had no violations while under pretrial supervision.

Given those circumstances, imposition of the statutorily required minimum sentence, which is within the Guideline range, is reasonable.

## CONCLUSION

Based on the foregoing rationale and the Presentence Investigation Report this Court should sentence defendant to 120 months in prison.

DATED this 15th day of August, 2016.

Respectfully submitted,

**FERDER CASEBEER FRENCH & THOMPSON LLP**

/s/ *Paul M. Ferder*
PAUL M. FERDER, OSB No. 720871
Attorney for Defendant