BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**THOMAS H. EDMONDS, OSB #90255**
Tom.Edmonds@usdoj.gov
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone:  (503) 727-1000
Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:15-CR-00044-JO-15 |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JOSE MATA,** | |
| Defendant. | Sentencing: August 29, 2016, 11:00 a.m. |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Assistant United States Attorney Thomas H. Edmonds, submits the following memorandum in support of the government's position on sentencing.

### CASE STATUS

On May 26, 2016, defendant pleaded guilty to count one of a Superseding Indictment, which charged Conspiracy to Distribute and Possess with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B) and 841(b)(1)(C) and 846.  The parties executed a plea agreement, of which the salient points to sentencing are:

- **Relevant Conduct**:  The parties agree that defendant's relevant conduct, pursuant to U.S.S.G. § 2D1.1 (c)(4), is between 3 and 10 KG of heroin, for a Base Offense Level of 32, prior to adjustments.
- **§ 3553 Reduction:**  For resolution of this case, without pre-trial litigation, the parties agree to a reduction of two levels under the advisory guidelines under 18

- U.S.C. §3553(a).  Defendant must enter or schedule his plea, and then plead guilty, under this agreement by March 15, 2016, in order to receive the benefit of this recommended reduction.
- **Additional Departures, Adjustments, or Variances**:

    A.    Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request. Defendant understands that any departure request is limited by the ten-year mandatory minimum sentence that applies to his case.

    B.    Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of:  (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing.  Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled.  Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.
- **Waiver of Appeal/Post-Conviction Relief**:  Defendant agreed to waive appeal and post-conviction relief with the usual exceptions.
- **Forfeiture**:  There was significant detail to the forfeiture agreement between the government and defendant, captured in the Preliminary Order and Final Order of Forfeiture signed by this Court on May 27, 2016 (ECF No. 458).  The summary aspects of that agreement are that defendant agreed to a money judgment of $50,000.00.
- **Sentencing Recommendation**:  On the basis of the advice of the sentencing guidelines, the application of 18 U.S.C. § 3553(a), and all considerations of this agreement, the government recommends a sentence of 120 months.

The Court ordered a pre-sentence report (PSR), and sentencing is now scheduled for August 29, 2016, 11:00 a.m.

## SENTENCING

The Court is in receipt of the PSR.  There are no disputes with the PSR's calculations by the parties.  The PSR accurately finds that defendant's relevant conduct, pursuant to USSG § 2D1.1 (c)(4), is between 3 and 10 KG of heroin, for a Base Offense Level of 32.  PSR at ¶ 23. After acceptance, the total offense level is 29.  PSR at ¶ 32.

**Government's Sentencing Memorandum**                                                                 **Page 2**

The PSR finds that defendant scores five criminal history points, for a criminal history category of III.  PSR at ¶ 37.  Those points are based on a criminal history that includes a 2007 Oregon conviction for Unlawful Delivery of Marijuana (two counts) in which defendant was sentenced to 21 months' imprisonment, PSR at ¶ 35, and a 2008 Oregon conviction for Unlawful Use of a Weapon and Menacing (two counts).  PSR at ¶ 36.

The conjunction of total offense level 29 and criminal history category III provides for a sentencing range of 108-135 months' imprisonment.  In this case, a mandatory minimum sentence of 120 months is required.

## GOVERNMENT'S SENTENCING RECOMMENDATION

The government hereby recommends a sentence of a 120 months' imprisonment.  This a is a just and reasonable sentence for the following reasons:

The evidence in this case demonstrates that Jose Mata was a customer of the Guillen-Robles cell, which was importing heroin from Mexico and distributing it in the Portland, Oregon area.  Defendant would then distribute to customers, mostly in the Washington County area.  By way of his plea agreement, this defendant agreed that he was involved in distribution of between 3 and 10 kilograms of heroin.  Wiretap and surveillance evidence showed Mata in communication with the Guillen-Robles cell, discussing heroin and money transactions in coded talk.  The evidence also showed that defendant protected himself by storing his drugs at the residence of an associate and co-defendant, Jose Huanaco-Casildo.  On February 11, 2015, agents executed a search warrant at Huanaco-Casildo's residence and found 341.8 g of heroin and $5,770 in cash.

Drug trafficking of the volume this defendant was engaged in is deserving of a lengthy sentence, particularly where the defendant has an established criminal history of drug trafficking

and violence. Thus, the government submits that the mandatory minimum sentence is appropriate and reasonable in this case. The government asks the court to impose a sentence of 120 months' imprisonment, five years of supervised release and a $100 assessment. The government further asks the court to impose a condition of no direct or through third-party contact with any co-defendant in this case as a condition of defendant's future release.

## FORFEITURE

This Court entered a preliminary and final order of forfeiture on November 3, 2015. That Order and the plea agreement provide for entry of a money judgment of $50,000.00 as part of the final judgment in this case. The government requests that the forfeiture money judgment be noted on the judgment order and referred to by this Court at time of sentencing.

## WAIVER OF APPEAL

Defendant has knowingly and voluntarily waived the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waived the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

## CONCLUSION

Based on the foregoing, the government asks the Court to follow the recommendation for a sentence of 120 months' imprisonment, five years of supervised release, and imposition of a $100 assessment.

Dated this 24th day of August 2016.

                                              Respectfully submitted,

                                              BILLY J. WILLIAMS
                                              United States Attorney

                                              *s/ Thomas H. Edmonds*
                                              THOMAS H. EDMONDS, OSB #90255
                                              Assistant United States Attorney