UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

FILED 28 AUG '17 11:00 USDC-ORP

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | Case No. 3:15-cr-00044-JO-15 |
| JOSE MATA | |

## MOTION FOR JAIL CREDIT FOR TIME SPEND IN HOME INCARCERATION

**COMES NOW,** Jose Mata, acting pro se respectfully request this Honorable Court for jail credit on time spent in home detention. In request for the jail credit, Mr. Mata states as follows:

### FACTUAL BACKGROUND

On February 11, 2015, Mr. Mata was arrested based on the indictment that charge him with conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 841(b)(1)(C).

On February 23, 2015, Mr. Mata was approved for home detention with 24 hours GPS ankle monitoring and with restrictions that did not allow him to travel certain areas without prior approval from probation department and court order. As part of condition for ankle monitoring, Mr. Mata was required to pay $105 monthly for ankle monitoring fee.

On May 26, 2016, Mr. Mata appeared before this Honorable Court, and entered a guilty plea to the charge, and was ordered continue home incarceration by the court pending sentencing.

1.

On September 21, 2016, Mr. Mata appeared before the District Court for sentencing. The Court after reviewing the PSR, sentenced Mr. Mata to 120 months imprisonment in the federal prison. Mr. Mata was ordered to serve a 5 year-term of supervised release upon his release from federal prison. He was also ordered to pay $100 court assessment fee. The District Court again ordered Mr. Mata to remained in home incarceration with all previous conditions applied, and to turn himself in to Federal Bureau of Prisons (BOP) authority on January 12, 2017.

On January 12, 2017, Mr. Mata surrendered to Federal Correctional Institution, Oakdale, Louisiana to start serving his prison sentence.

Mr. Mata is currently incarcerated at FCI-Oakdale-1, Louisiana, and request this Honorable Court to grant his motion awarding him jail credit for 23 months spent in home incarceration between February 11, 2015 until January 12, 2017.

### THE DISTRICT HAS THE AUTHORITY TO AWARD JAIL CREDIT FOR TIME SPEND DURING HOME INCARCERATION

Under the provision of U.S.S.G. § 5G1.3(b), the sentencing court retain jurisdiction and discretion, as well as legal authority to grant time credit for home incarceration to account for the 23 months defendant spent on home confinement.

Mr. Mata asserts that the jail credit for time he spent during home incarceration would not otherwise be credited to his original sentence without order from sentencing judge authorizing such jail credit. Authorization of jail credit for home incarceration by a federal sentencing judge is not without precedent.

In <u>United States V. Huey Cole</u>, No. 08-231 U.S. Dist. (E.D. Louisiana, Sept. 27, 2011), the United States District Judge granted 23 months jail for time defendant spent during his home detention. The Court in <u>Huey Cole</u>, noted that "the sentence is not departed from the United States Sentencing Guidelines, but is imposed under the provisions of USSG § 5G1.3(a) to account for 23 months the defendant spent on home incarceration which would not otherwise credited by the Bureau of Prisons.

To be sure, in <u>Koray V. Sizer</u>, 21 F.3d 558 (3rd Cir. 1994), the Third Circuit Court of Appeal reversed an order of the district court that denied petitioner inmate's request for a writ of habeas corpus. The Court remanded for a determination as to whether petitioner was held in jail type conditions when he was confined pursuant to a court order to a halfway house. The Third Circuit held that petitioner could be entitled to credit for his time spend in a condition of restriction such as halfway house. (Emphasis added).

In the instant case, Mr. Mata was placed under home confinement with severe restrictions for 23 months, starting from February 11, 2015 until January 12, 2017. Mr. Mata's activities were severely restricted, he was placed on ankle monitoring, and not authorized to travel outside the pre-approved of condition approved by the probation office without prior approval. Furthermore, he was required to pay monthly fee of $105 for the ankle monitoring service. Mr. Mata's condition was a jail type when he was confined under home incarceration.

Accordingly, granting jail credit for the time Mr. Mata spent during his period of home incarceration towards his 10 years sentence is not a departure from sentencing guidelines, but to account for 23 months spent under a severe and hash conditions of jail house type during his home confinement.

WHEREFORE, PREMISES CONSIDERED, Mr. Mata respectfully ask that this Honorable Court grant time credit for 23 months he spent on home incarceration consistent with USSG § 5G1.3(a). The said credit will not otherwise be credited towards Mr. Mata's 10 years sentence without this Court order granting such credit.

Dated: August 23, 2017

RESPECTFULLY SUBMITTED:

*Jose Mata*
JOSE MATA (Pro se)
REG. NO. 76735-065
FCI-OAKDALE-1
P.O. BOX 5000
OAKDALE, LA 71463

### CERTIFICATE OF SERVICE

I, Jose Mata, certify that a true and correct copy of the foregoing motion for jail credit for time spend in home incarceration has been forwarded to attorney for the government, addressed to Assistant U.S. Attorney , for the District of Oregon. Mailed this the 23 day of August 2016, via U.S. mail postage prepaid.

RESPECTFULLY SUBMITTED:

*Jose Mata*
JOSE MATA   (Pro se)

4.